**Exhibit #2**

| ID |
|---|
| 7043 |
| **Products** <br> Medicare <br>   Medicare - General Information <br>     Medicare Program- General Information <br>   Prescription Drug Coverage <br>     PDC- General Information <br>     Drug Coverage Claims Data <br>     Pharmacy <br>     Prescription Drug Coverage Contracting |
| **Date Created** <br> 04/20/2006 03:45 PM |
| **Last Updated** <br> 06/01/2006 11:54 AM |

# Reimbursement to LTC Pharmacies, for Retroactive Subsidy-level Cost Sharing Charges

**Question**
In situations where a full-benefit dual eligible meets the definition of an institutionalized individual but is incorrectly charged cost sharing for prescriptions under the Part D benefit, may Part D plans reimburse their contracted long term care (LTC) pharmacies directly when implementing retroactive subsidy level changes?

**Answer**
Yes. When implementing retroactive subsidy level changes for a full-benefit dual eligible who meets the definition of an institutionalized individual but is incorrectly charged cost sharing under the Part D benefit, plans should not automatically reimburse beneficiaries residing in long-term care facilities. In such situations, it is unlikely that LTC pharmacies have collected the applicable cost-sharing from beneficiaries due to the expectation that the plan eventually would reimburse the pharmacy retroactively for such amounts. In such situations, Part D plans should work with their pharmacies to provide them with direct reimbursement for any cost-sharing amounts not collected from institutionalized individuals. Before reimbursement is made, Part D plans should ensure that LTC pharmacies have not collected the cost sharing amounts, otherwise waived the cost sharing charges, and, in fact, are carrying a debt for the amounts incorrectly charged to the beneficiary. For auditing purposes, plans should ensure that pharmacies certify that the amounts reimbursed are appropriate, owed and payable.

By regulation, Part D plans are required to reimburse subsidy eligible individuals, and organizations paying cost sharing on behalf of such individuals, any excess cost sharing paid after the effective date of the individual's eligibility for a subsidy ( 42 CFR 423.800(c)). Providing direct reimbursement to LTC pharmacies for excess cost sharing charges that have not been paid by Part D enrollees or waived by the pharmacy does not conflict with this requirement, since such amounts were never paid by either the institutionalized individual or others on his or her behalf.