# Exhibit 1




| Home | Medicare | Medicaid | SCHIP | About CMS | Regulations & Guidance | Research, Statistics, Data & |

People with Medicare & Medicaid | Questions | Careers | Newsroom | Contact CMS | Acrony

Answers   Submit Feedback   My Notifications                                           Help

**Section** 
All

**Enter a Search Term: (optional)** Search Tips
7043                                                        [ Search ]

**Search By**
Phrases                                                     Powered by RIGHT NOW



| ID |
|---|
| 7043 |
| **Products** |
| Medicare |
|   Medicare - General Information |
|     Medicare Program- General Information |
|   Prescription Drug Coverage |
|     PDC- General Information |
|     Drug Coverage Claims Data |
|     Pharmacy |
|     Prescription Drug Coverage Contracting |
| **Date Created** |
| 04/20/2006 03:45 PM |
| **Last Updated** |
| 06/01/2006 11:54 AM |

🖨 Print Answer
✉ Email Answer

## Reimbursement to LTC Pharmacies, for Retroactive Subsidy-level Cost Sharing Charges

**Feedback**
In situations where a full-benefit dual eligible meets the definition of an institutionalized individual but is incorrectly charged cost sharing for prescriptions under the Part D benefit, may Part D plans reimburse their contracted long term care (LTC) pharmacies directly when implementing retroactive subsidy level changes?

**Answer**

Yes. When implementing retroactive subsidy level changes for a full-benefit dual eligible who meets the definition of an institutionalized individual but is incorrectly charged cost sharing under the Part D benefit, plans should not automatically reimburse beneficiaries residing in long-term care facilities. In such situations, it is unlikely that LTC pharmacies have collected the applicable cost-sharing from beneficiaries due to the expectation that the plan eventually would reimburse the pharmacy retroactively for such amounts. In such situations, Part D plans should work with their pharmacies to provide them with direct reimbursement for any cost-sharing amounts not collected from institutionalized individuals. Before reimbursement is made, Part D plans should ensure that LTC pharmacies have not collected the cost sharing amounts, otherwise waived the cost sharing charges, and, in fact, are carrying a debt for the amounts incorrectly charged to the beneficiary. For auditing purposes, plans should ensure that pharmacies certify that the amounts reimbursed are appropriate, owed and payable.

By regulation, Part D plans are required to reimburse subsidy eligible individuals, and organizations paying cost sharing on behalf of such individuals, any excess cost sharing paid after the effective date of the individual's eligibility for a subsidy ( 42 CFR 423.800(c)). Providing direct reimbursement to LTC

pharmacies for excess cost sharing charges that have not been paid by Part D enrollees or waived by the pharmacy does not conflict with this requirement, since such amounts were never paid by either the institutionalized individual or others on his or her behalf.

**Notify Me by Email if this Answer is Updated**

**How helpful was this answer?**
○ Very Helpful  ○ Somewhat Helpful
○ Not Helpful

**Submit Rating**

**Related Answers**
- When a full-benefit dual eligible meets the definition of an institutionalized individual but is incorrectly charged cost sharing for prescriptions under the Part D benefit, may Part D plans reimburse the contracted LTC Pharmacy?
- CMS instructed Part D plans on May 5, 2006 that they are required to use the "best available data" to make changes to their systems when they have knowledge that a dual eligible beneficiary's cost sharing level is not correct.
- Please indicate whether or not subcapitation of pharmacies will be allowed in plan administration of the Part D benefit?
- To what extent should Part D sponsors consider adopting contracting terms and conditions in their long-term care (LTC) pharmacy contracts that go beyond the performance and service criteria in CMS's March 2005 LTC Guidance?
- When does the adjudication timeframe begin for exception requests?

**Back to Search Results**

Department of Health & Human Services | Medicare.gov | Firstgov.gov
Web Policies & Important Links | Privacy Policy | Freedom of Information Act | No Fear Act
Centers for Medicare & Medicaid Services, 7500 Security Boulevard Baltimore, MD 21244