IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Long Term Care Pharmacy Alliance and American Society of Consultant Pharmacists,<br><br>    Plaintiffs,<br><br>v.<br><br>UnitedHealth Group Incorporated,<br><br>    Defendant. | Case No.: 1:06-CV-01221 (ESH) |

## DECLARATION OF THOMAS CLARK

I, Thomas Clark, hereby declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, as follows:

1. I am over 21 years of age, and am competent to make this Declaration.

2. I make this Declaration based on personal knowledge, except as to matters stated to be on information and belief.

3. I am a licensed pharmacist and the Director of Policy and Advocacy for the American Society of Consultant Pharmacists ("ASCP"), a Plaintiff in this action. I submit this Declaration in support of Plaintiffs' Opposition to the Motion of Defendant UnitedHealth Group Incorporated ("UHG") To Dismiss this case.

4. I have held positions with ASCP for ten (10) years, first as Director of Professional Affairs and then as Director of Policy and Advocacy. Prior to joining ASCP, I was Vice President of consulting for Pharmacy Corporation of America. I hold a Bachelor of Science in Pharmacy

4868701

from the University of Illinois College of Pharmacy and a Master of Health Science degree from Mississippi College. I am a member of the American Society of Association Executives.

5.      ASCP is a professional society of pharmacists who work in and own "long term care" ("LTC") pharmacies, serving nursing homes and assisted living facility residents across the United States, including the District of Columbia. ASCP has at least ten (10) members in the District of Columbia. ASCP members are directly involved in the distribution and monitoring of prescription medication for thousands of elderly, low-income, and often chronically ill beneficiaries who are "dual eligible" for Medicaid and Medicare services. As part of this process, ASCP members are involved in processing and submitting claims for verification and reimbursement on behalf of dual eligible patients who receive prescription drug coverage from federal health care programs, including the Medicare "Part D" Prescription Drug Program. Attached as Exhibit 1 to this Declaration is a copy of ASCP's Bylaws.

6.      Many of ASCP's members own the pharmacies in which they work. Each of the pharmacies owned by an ASCP member is owed a significant sum by UHG's prescription drug plans ("PDPs") for unreimbursed co-payments. While ASCP is not seeking damages in this case, we are seeking injunctive relief barring UHG from sending those payments to beneficiaries directly, and a declaration that Defendant must pay the amounts in question to the LTC pharmacies to which they are owed. In short, the pharmacies owned by ASCP's members have been directly injured by the failure of Defendant UHG and its PDPs to pay them the co-payments.

7.      ASCP's core mission is, in essence, to protect and promote the professional practice of specialized long term care pharmacy. This involves providing leadership, education, advocacy, and resources to advance the practice of consultant and senior care pharmacy.

8.      Because the pharmacies that ASCP members own and work in are reimbursed for services provided to dual eligible beneficiaries by federal health care programs such as Medicare Part

4868701

D, the issues of program integrity and compliance are a vital part of our core mission. ASCP regularly advocates to improve program administration and federal statutes and regulations, as well as to provide an efficient flow of information about federal health care programs affecting our members and that affect the day-to-day provision of pharmacy services.

9. Defendant UHG and its PDPs have withheld co-payment amounts when reimbursing pharmacies that ASCP members work in and own. ASCP has expended significant association resources, including vital staff time, in attempting to resolve the regulatory, contractual, and program compliance elements of this dispute over withheld pharmacy co-payments. This effort has distracted significantly from ASCP's mission and my work.

10. UHG's actions have directly impeded ASCP's pursuit of specific goals by forcing the association to expend time and resources seeking a resolution to this co-payment dispute. For example, ASCP was impeded in its pursuit of a public policy resolution regarding Medicare Part B payments for medication therapy management in clinical situations because of the time and resources drained by the fight against UHG's actions.

I hereby declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on February 20, 2007

_____
Thomas Clark

4868701