Declaration of George M. Borababy

Exhibit # 20

# UNITED STATES DISTRICT COURTS
## EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

**Pro Se**

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

FEB 1 6 2005

DAVID J. MALAND, CLERK
BY
DEPUTY

|  |  |  |
|---|---|---|
| Jennifer Dew-Glassburn, | ) | |
|   Plantiff | ) | |
| | ) | |
| Vs | ) | Civil Action No. 4:05CV57 |
| | ) | |
| UnitedHealth Group | ) | |
| A Minnesota Corporation, | ) | |
|   Defendant. | ) | |
| | ) | |
| Mark O'Sell | ) | |
| Director, Employee Law | ) | |
| 9900 Bren Road East | ) | |
| Mennetonka, MN  55343 | ) | |

## COMPLAINT

Now comes the Plaintiff and would show unto this Honorable Court the following in support of its complaint:

1. The plaintiff, Jennifer Dew-Glassburn, is a citizen of the United States and resides at 1208 Whisper Willow Drive, McKinney, Collin County Texas, 75070, 972-347-2247.

2. The defendant, UnitedHealth Group, has its business located at 9900 Bren Road East, Mennetonka, Hennipen County, 55343, Minnesota, 952-936-1707, fax 952-936-3052, and employs in excess of 1,000 employees.

3. The Plaintiff was an employee of the defendant at the defendant's Plano, Texas location.

4. Jurisdiction is specifically conferred on the Court by 42 USC 2000e-5. Equitable and other relief are also sought under 42 USC 2000e-5(g).

5. This action is also being brought under 29 USCS Section 2601, the Family Leave Act, 42 USCS Section 12101 et seq., the Americans with Disability Act of 1990 as amended; 42 USCS Section 2000e-2. et seq. Title VII of

the Civil Rights Act of 1964, as amended; and including the Pregnancy Discrimination Act as amended to the above.

6.  Plaintiff is female, began employment with defendant as registered nurse case manager (broad terminology). Defendant terms the job title Inpatient Care Advocate. Majority of Registered Nurses would understand Case Manager Terminology.

7.  Plaintiff began employment on August 19, 2002.

8.  Plaintiff has numerous disabilities that affect one or more of her major life activities.

9.  Within one month of employment defendant's manager was told by employee of her illnesses and their manifestations.

10. Plaintiff was pregnant July 4, 2003 through December 10, 2003.

11. Plaintiff's baby was born 803 oz (1 pound), hospitalized 133 days, deathly ill and is disabled on SSI by the US Government with several disabilities that affect one or more of her major life activities which will continue.

12. On or about March 26, 2004, Plaintiff was told FMLA was complete and that day she must work until 6pm (full 8 hours) and starting Monday work full 40 hours per week. After verbally requesting accommodation (due to her current anxiety, chest pains, high blood pressures and would be happy to provide documentation) of part time hours, reduced schedule, any other ideas, temporary positions in other areas, and meeting with Plano site director Lisa Holubec and manager Donna Creasey plaintiff was forced into a decision of accepting an unpaid 2 week leave only. She was also told in no uncertain terms that she was expected to return after the two weeks and have no further absences or tardies and to follow all the same rules and everyone without disabilities and adhere to business needs first. Plaintiff felt extremely harassed as baby was still in ICU at this time anticipating a dangerous abdominal surgery and receiving a feeding tube for life sustaining tube feedings as the baby is unable to drink formula as other babies and is still unable to. Employee felt harassed and did call employee relations who at that time stated to her that if she was having these symptoms all from the job situation she should initiate the short term disability which she did.

13.   On September 3, 2004, Plaintiff filed a formal complaint of unlawful employment practices with the Equal Employment Opportunity Commission.

14.   On or about November 17, 2004, Plaintiff received a Private Right of Action letter authorizing her to file this civil suit.

15.   Defendant intimidated and harassed me and would not provide my requested work accommodation because of my disabilities, my maternity status at the time, my leave status, and my relationship and association with my daughter and her disabilities. In addition, and because of cause number 12 above plaintiff was forced to leave on or about April 5th, 2004 and receive disability payments from defendant's insurance carrier.

16.   Plaintiff has letter from Defendant granting FMLA approval through April 30th, 2004.  Defendant harassed employee March 26, 2004 by immediately without notice for any prearrangement for care of NICU or 4 year old child's needs which neonatologist's in NICU stressed plaintiff needed to be present for 2 feedings per day.

17.   Plaintiff was again harassed by defendant when plaintiff received another letter stating again "on 4/2/04 you began a leave of absence covered by the Family and Medical Leave Act.....UnitedHealth Group has filled your position."  This letter was dated 6/18/2004.   If the job protection started 4/2/2004 then the protection would have been through June 26, 2004. This letter forms a contract as the burden of keeping track of FMLA lies with the employer. Again, this caused harassment to the plaintiff.

18.   Plaintiff is still on disability but has always been willing to attempt to return to work with her furnished reasonable work accommodation as she had done majority of August, September 2003, and March 2004.

19.   Defendant has been unable to articulate legitimate non-discriminatory business reasons for the adverse actions. No effort was ever made or offered for another position or department that would have enable plaintiff to be accommodated with different hours or options.

20.   Defendant has a general policy for employees on leave to be terminated after nine months. They have a Human Resource HR Direct Website that has majority of their policies listed.  Concerning this nine month policy the Defendant's website states "any exceptions to the nine-month policy will be made on a case by case basis at the discretion of UnitedHealth Group management or as required by law. The company may make exceptions to extend a leave of absence for a limited period beyond nine months for employees on workers compensation and those requiring

3

accommodation for their own medical conditions." Plaintiff requested and faxed a letter to the director of human resources requesting this policy be extended not only for her health needs but also for her baby who is disabled and is uninsurable also. Her request was denied even though the policy clearly states they are able to do this.

21.    Plaintiff was officially terminated by defendant on January 2, 2005.

22.    Plaintiff called numerous times after speaking to her physician to find out the procedures and accommodations that could be attempted if she tried to come back part time to work up to full time. There was a work from home position defendant had listed on the employment boards that was an evening shift position that might have worked well with employee's medication needs; however, employee never received answers from anyone except to call a different person. Neither plaintiff nor plaintiff's physicians can give a full return to work 40 hours without knowing what accommodations or help with be given plaintiff after previous experiences.

23.    The loss of current and future salary will have a direct effect on plaintiff's retirement plans and income in an amount, as yet, undetermined.

24.    Plaintiff and her disabled daughter as defendant is aware, is permanently and totally disabled. As both were covered under your health plan they therefore suffer a potential loss of $1,000,000 + as they had NO LIFETIME MAXIMUM under defendants plan and are uninsurable. Even if they elect their protected right of continued coverage for eighteen months under ERISA, this will result in a loss of approximately $800/month in premiums that they did not previously pay. This could result in a loss of $14,400 over the eighteen months in addition to the remaining lifetime maximum. It appears that the expenses and potential expenses borne by the defendant on plaintiff's behalf had a direct bearing on the decision to fill her position, terminate her, and/or not extend her nine month leave. There is also the potential for losses to Mr. Dew-Glassburn and plaintiff's other child for the loss of their health insurance coverage.

25.    The discriminatory actions defendant has taken have placed a tremendous amount of burden and stress on plaintiff and plaintiff's family which medical literature shows can only exacerbate the disabilities she already has and will have a direct impact on her health and her families.

26.    Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of defendant's discriminatory practices unless and until this court grants relief.

27. As a result of defendant's discriminatory acts, plaintiff has suffered and will continue to suffer monetary damages and damages for mental anguish and humiliation unless and until this court grants relief.

## DEMAND FOR A TRIAL BY JURY

28. Pursuant to rule 38(b) of the Federal Rules of Civil Procedure, plaintiff demands a trial by jury in this action.

WHEREFORE, plaintiff respectfully requests that this court enter judgment as follows:

1. Declaring that the acts and practices complained of herein are in violation of Title 29 USCS Section 2601, the Family Leave Act, 42 USCS Section 12101 et seq., the Americans with Disability Act of 1990 as amended; 42 USCS Section 2000e-2. et seq. Title VII of the Civil Rights Act of 1964, as amended; and including the Pregnancy Discrimination Act as amended to the above.
2. Family insurance coverage at 9 month leave rates as previously requested and policy allows until either I return to work, become eligible for Medicare, or eligible through husband.

3. Awarding the plaintiff the costs of this action together with reasonable attorney fees; and

4. That the court grant such relief as may be appropriate, including injunctive orders, damages, and costs.


WHEREFORE, the plaintiff prays that the process issue to the defendant and that upon a hearing upon this court grant a judgment for the plaintiff and against the defendant for any and all actual, special, compensatory, and punitive damages to which this Honorable Court deems the plaintiff to be entitled, and for attorney fees, interest, court costs and any and all further relief under the applicable statutes mentioned above to which this Honorable Court deems the plaintiff to be entitled.

The plaintiff further prays for any and all such other and further relief which this Court may grant and which this Court feels the plaintiff to be entitled. Plantiff demands that jury try its cause.

Respectfully submitted

*[signature]*

5

# United States District Court

for the

Eastern District of Texas at Sherman

FUNDNUM

Date:

Wednesday, February 16, 2005

Received from:

Jennifer Dew-Glassburn

1208 Whisper Willow

McKinney, TX 75050

085000 - Attorney Admission Fees
086900 - Filing Fees
121000 - Conscience Fund
129900 - Gifts
143500 - Interest

322340 - Sale of Publications
322350 - Copy Fees
322360 - Miscellaneous Fees
322380 - Recoveries of Court Costs
322386 - Cost of Prosecution
504100 - Crime Victims Fund
508800 - Immigration Fees
510000 - Civil Filing Fee (1/2)
5100PL - Partial Filing Fee (PLRA)
510100 - Registry Fee
604700 - Registry Funds/General and Special
613300 - Unclaimed Monies
6855XX - Deposit Funds

| Account | Amount |
|---------|--------|
| 086900  | $60.00 |
| 510000  | $190.00 |
| **Total** | **$250.00** |

Payment method:              Check

Case or other reference:     4:05cv57

Comments:                    Dew-Glassburn v. United Health Group

Received by:                 pad

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| **(a) PLAINTIFFS** | **DEFENDANTS** |
|---|---|
| Jennifer Dew-Glassburn | UnitedHealth Group |
| 1208 Whisper Willow Rd. McKinney, TX 75070 | |

| **(b)** County of Residence of First Listed Plaintiff ___Collin County, Texas___ | County of Residence of First Listed Defendant ___Hennipen County, MN___ |
|---|---|
| (EXCEPT IN U.S. PLAINTIFF CASES) | (IN U.S. PLAINTIFF CASES ONLY) |
| | NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED. |

| **(c)** Attorney's (Firm Name, Address, and Telephone Number) | Attorneys (If Known) |
|---|---|
| Pro Se 972-347-2247 | Mark E. O'Sell, Emp Law; 9900 Bren Rd. East, Minnetonka, MN 55343 |

*RECEIVED FEB 16 2005 CLERK U.S. DISTRICT COURT EASTERN DIST. OF TEXAS (stamp)*

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☒ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):

Brief description of cause: Title VII of the Civil Rights Act of 1964, as amended, Title I of the ADA of 1990 as amended;

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE 2.16.05

SIGNATURE OF ATTORNEY OF RECORD *(signature)*

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____