# Declaration of George M. Borababy

# Exhibit # 21



Not Reported in F.Supp.2d  Page 1

Not Reported in F.Supp.2d, 2005 WL 1026561 (E.D.Tex.)
**(Cite as: Not Reported in F.Supp.2d)**

**H**
Briefs and Other Related Documents
**Dew-Glassburn** v. United Health GroupE.D.Tex.,2005.Only the Westlaw citation is currently available.
United States District Court,E.D. Texas, Sherman Division.
Jennifer **DEW-GLASSBURN**
v.
UNITED HEALTH GROUP
No. 4:05CV57.

May 2, 2005.

Jennifer **Dew-Glassburn**, McKinney, TX, pro se.
Allison Virginia Eberhart, Timothy Mitchell Watson , Houston, TX, for United Health Group.

*MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE*
SCHNEIDER, J.
**\*1** Came on for consideration the Report of the United States Magistrate Judge in this action, this matter having been heretofore referred to United States Magistrate Judge Don D. Bush pursuant to 28 U.S.C. § 636. On April 7, 2005, the Report of the Magistrate Judge was entered containing his proposed findings of fact and recommendation that the Defendant's Rule 12(b)(6) Partial Motion to Dismiss Title VII and ADA Claims with Prejudice be denied.

**\*1** Having received the report of the United States Magistrate Judge, and no objections thereto having been timely filed, this Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and adopts the same as the findings and conclusions of the Court. It is, therefore,

**\*1** ORDERED, ADJUDGED and DECREED that the Defendant's Rule 12(b)(6) Partial Motion to Dismiss Title VII and ADA Claims with Prejudice is DENIED.

E.D.Tex.,2005.
Dew-Glassburn v. United Health Group
Not Reported in F.Supp.2d, 2005 WL 1026561 (E.D.Tex.)

Briefs and Other Related Documents (Back to top)

• 2005 WL 3337599 (Trial Motion, Memorandum and Affidavit) Plaintiff's Response to Defendants' Motion for Summary Judgment (Nov. 4, 2005) Original Image of this Document (PDF)
• 2005 WL 3337596 (Trial Motion, Memorandum and Affidavit) Motion to Strike Defendants Motion for Summary Judgement (Oct. 24, 2005) Original Image of this Document (PDF)
• 2005 WL 3337597 (Trial Motion, Memorandum and Affidavit) Plaintiff's Response to Defendant's Motion to Strike Plaintiff's Only Discovery Requests (Oct. 24, 2005) Original Image of this Document (PDF)
• 2005 WL 3337598 (Trial Motion, Memorandum and Affidavit) Plaintiff's Response to Defendants' Motion for Summary Judgment (Oct. 4, 2005) Original Image of this Document (PDF)
• 2005 WL 2877931 () (Report or Affidavit of Dr. Harold R. Christensen) (Aug. 28, 2005)
• 4:05cv00057 (Docket) (Feb. 16, 2005)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Not Reported in F.Supp.2d

Page 1

Not Reported in F.Supp.2d, 2005 WL 994755 (E.D.Tex.)
**(Cite as: Not Reported in F.Supp.2d)**

**H**
Briefs and Other Related Documents
**Dew-Glassburn** v. United Health GroupE.D.Tex.,2005.Only the Westlaw citation is currently available.
United States District Court,E.D. Texas, Sherman Division.
Jennifer **DEW-GLASSBURN**
v.
UNITED HEALTH GROUP
No. 4:05CV57.

April 7, 2005.

Jennifer **Dew-Glassburn**, McKinney, TX, pro se.
Allison Virginia Eberhart, Timothy Mitchell Watson , Seyfarth Shaw, Houston, TX, for United Health Group.

REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
BUSH, Magistrate J.
*1 Before the Court is Defendant's Rule 12(b)(6) Partial Motion to Dismiss Title VII and ADA Claims with Prejudice. Having considered the motion and Plaintiff's response, the Court is of the opinion that Defendant's motion should be denied.

*1 Plaintiff filed a formal charge of unlawful employment practices with the Equal Employment Opportunity Commission ("EEOC") on September 3, 2004. Plaintiff alleges that she received a Notice of Right to Sue from the EEOC "On or about November 17, 2004" (Pl.Comp.¶ 14). On February 16, 2005, 91 days after November 17, 2004, Plaintiff filed her complaint in this court alleging claims under Title VII, the ADA, and the FMLA.

*1 Defendant moves to dismiss Plaintiff's Title VII and ADA claims, alleging that the complaint was filed more than 90 days after Plaintiff received her Notice of Right to Sue. *See* 42 U.S.C.2000e-5(f)(1). While Plaintiff does not clearly contend that she received her Notice of Right to Sue after November 17, 2004, she offers evidence that the letter was not mailed until November 16, 2004.

*1 Prior decisions of both the United States Supreme Court and the Fifth Circuit Court of Appeals have made it clear that motions to dismiss for failure to state a claim upon which relief can be granted should not be granted lightly. For a complaint to be dismissed for failure to state a claim, it must appear "beyond doubt that the plaintiff can prove no set of facts in support of h[er] claim which would entitle h[er] to relief." *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *Reeves v. City of Jackson,* 532 F.2d 491 (5th Cir.1976).

*1 Absent a claim which is obviously insufficient, a court should not grant a Rule 12(b)(6) motion to dismiss, thereby denying the plaintiff an opportunity to develop facts to support her complaint. Moreover, sufficient procedures are available to a defendant to seek summary disposition of a law suit after a plaintiff has been afforded some opportunity to develop facts to support her complaint. *Reeves,* 532 F.2d at 494.

*1 Courts have allowed Plaintiffs up to 97 days after issuance of a Notice of Right to Sue in which to file a complaint. *Taylor v. Books a Million, Inc.,* 296 F.3d 376, 379-80 (5th Cir.2002). At a minimum, when the date of receipt is unknown or disputed, Courts have will allow parties an additional 3 days after issuance to file a complaint based upon Federal Rule of Civil Procedure 6(e). *Id.; Baldwin County Welcome Ctr. v. Brown,* 466 U.S. 147, 148 n. 1, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984). Thus when, as here, there is a dispute as to the date of receipt, Courts have allowed plaintiffs between 93 and 97 days from the date of issuance to file a complaint.

*1 While neither party has informed the Court as to when the Notice of Right to Sue was issued,

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                  Page 2
Not Reported in F.Supp.2d, 2005 WL 994755 (E.D.Tex.)
**(Cite as: Not Reported in F.Supp.2d)**

Plaintiff has attached a copy of an EEOC envelope addressed to her and postmarked November 16, 2004. Without evidence to the contrary, the Court will presume that the Notice was issued on November 16. There seems to be some dispute as to the date of receipt, and while Plaintiff may not recall the exact date of receipt, she knows that it was after November 16, 2004, and thus states in her petition that she received the Notice "On or about November 17, 2004." The Court does not interpret this to be a definitive statement that the notice was received on November 17, but rather interprets it to be an estimate. Thus, at this stage and with this limited evidence, the Court cannot, without more, dismiss Plaintiff's Title VII and ADA claims. If, after adequate time for discovery, Defendant can establish that either: 1) Plaintiff actually received the Notice of Right to Sue on or before November 17, 2004; or 2) that the Notice of Right to Sue was issued prior to November 11, 2004; then Defendant may bring this issue to the Court's attention in a motion for summary judgment.

RECOMMENDATION

\*2 Based upon the foregoing, it is the Court's recommendation that Defendant's Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(6) should be denied.

\*2 Within ten (10) days after filing of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(C).

\*2 Failure to file written objections to the proposed findings and recommendations contained in this report within ten days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn,* 474 U.S. 140, 148, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir.1988).

E.D.Tex.,2005.
Dew-Glassburn v. United Health Group
Not Reported in F.Supp.2d, 2005 WL 994755 (E.D.Tex.)

Briefs and Other Related Documents (Back to top)

• 2005 WL 3337599 (Trial Motion, Memorandum and Affidavit) Plaintiff's Response to Defendants' Motion for Summary Judgment (Nov. 4, 2005) Original Image of this Document (PDF)
• 2005 WL 3337596 (Trial Motion, Memorandum and Affidavit) Motion to Strike Defendants Motion for Summary Judgement (Oct. 24, 2005) Original Image of this Document (PDF)
• 2005 WL 3337597 (Trial Motion, Memorandum and Affidavit) Plaintiff's Response to Defendant's Motion to Strike Plaintiffs Only Discovery Requests (Oct. 24, 2005) Original Image of this Document (PDF)
• 2005 WL 3337598 (Trial Motion, Memorandum and Affidavit) Plaintiff's Response to Defendants' Motion for Summary Judgment (Oct. 4, 2005) Original Image of this Document (PDF)
• 2005 WL 2877931 () (Report or Affidavit of Dr. Harold R. Christensen) (Aug. 28, 2005)
• 4:05cv00057 (Docket) (Feb. 16, 2005)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.