Westlaw.

Not Reported in F.Supp.2d                                                                 Page 1

Not Reported in F.Supp.2d, 2005 WL 711821 (D.D.C.)
**(Cite as: Not Reported in F.Supp.2d)**

Briefs and Other Related Documents
Black Farmers and Agriculturalists Ass'n v. VenemanD.D.C.,2005.Only the Westlaw citation is currently available.
United States District Court, District of Columbia.
BLACK FARMERS AND AGRICULTURISTS ASSOCIATION, et al., Plaintiff,
v.
Ann VENEMAN, et al., Defendants.
No. Civ.A. 04-1561(PLF).

March 29, 2005.

James W. Myart, Jr., The Preston House, San Antonio, TX, for Plaintiff.
Brian G. Kennedy, U.S. Department of Justice Civil Division, Washington, DC, for Defendants.

*MEMORANDUM OPINION*
FRIEDMAN, J.
\*1 This matter is before the Court on defendants' motion to dismiss or, in the alternative, motion of the official capacity defendants for summary judgment with respect to claims of the South Carolina plaintiffs and plaintiff Scott. On February 25, 2005, this Court granted the motion of plaintiff's counsel to withdraw. The Court also noted that a stipulation of dismissal had been entered with respect to all individual plaintiffs, leaving the Black Farmers and Agriculturalists Association, Inc. (" BFAA") as the sole remaining plaintiff. The Court issued an Order directing BFAA to file an opposition to defendants' pending motion to dismiss or, in the alternative, for summary judgment, on or before March 10, 2005. No opposition has been filed and no new counsel has entered an appearance in this case. Because the Court finds defendants' arguments regarding standing persuasive, the Court will treat defendants' motion to dismiss as conceded and will grant the relief requested.

\*1 Defendants maintain that BFAA lacks standing to pursue this case, either on its own behalf or as a representative of its members. *See* Defendants' Motion to Dismiss and Alternative Motion of Official Capacity Defendants for Summary Judgment with Respect to Claims of the South Carolina Plaintiffs and Plaintiff Scott ("Mot.") at 7. To have individual standing, "[t]he plaintiff must show that the conduct of which [it] complains has caused [it] to suffer an 'injury in fact' that a favorable judgment will redress." *See Elk Grove Unified School District v. Newdow,* 542 U.S. 1, 124 S.Ct. 2301, 2308, 159 L.Ed.2d 98 (2004). "An organizational plaintiff ... may have standing to sue on its own behalf 'to vindicate whatever rights and immunities the association itself may enjoy....'" *Common Cause v. Federal Election Commission,* 108 F.3d 413, 417 (D.C.Cir.1997) (quoting *Warth v. Seldin,* 422 U.S. 490, 511, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975)). To sue on its own behalf, however, an organization "must demonstrate that the organization has suffered injury in fact, including such concrete and demonstrable injury to the organization's activities-with [a] consequent drain on the organization's resources-constituting ... more than simply a setback to the organization's abstract social interests." *National Taxpayers Union, Inc. v. United States,* 68 F.3d 1428, 1433 (D.C.Cir.1995)(quotations and citations omitted).

\*1 BFAA claims in its complaint that it "asserts its claims in its own right and as a Representative of all other class members." Amended Complaint at 6. Although the Amended Complaint periodically includes BFAA in its allegations of discrimination, it never identifies any "concrete and demonstrable injury" to BFAA itself. The injuries described are those allegedly suffered by individual farmers.[FN1] The Court therefore concludes that BFAA has failed to allege sufficient facts to show that it has standing to bring these claims on its own behalf.

FN1. While the Amended Complaint does reference *NAACP v. Acusport Corp.,* 210

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                   Page 2
Not Reported in F.Supp.2d, 2005 WL 711821 (D.D.C.)
**(Cite as: Not Reported in F.Supp.2d)**

F.R.D. 446, 457 (E.D.N.Y.2002), in which the court held that an organization may have standing to sue where defendants' actions have reduced membership fees that the organization would otherwise receive, BFAA fails to allege that such a result has occurred in this case.

*1 BFAA also claims to have associational standing on behalf of its members. Specifically, the Amended Complaint alleges that "BFAA, Inc. has state charters throughout the Unites States, and it asserts associational standing to bring suit based on (a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claims asserted nor the relief requested necessarily requires the participation of individual members in the lawsuit." Amended Complaint at 6. While this language does mirror that of the Supreme Court's test for organizational standing, see e.g., Hunt v. Washington State Apple Commission, 432 U.S. 333, 343, 97 S.Ct. 2434, 53 L.Ed.2d 383 (1977), mere recitation of the standard without facts to support it fails to satisfy plaintiff's burden.

*2 As a threshold matter, defendants correctly object that BFAA at no time alleges in its Amended Complaint that its members are African American farmers or that their claims are germane to the purpose of BFAA. This alone requires the Court to dismiss BFAA's claims for lack of standing. Even assuming that the Amended Complaint had made such assertions, however, BFAA still lacks standing because the "claim[s] asserted [and] the relief requested require[ ] the participation of individual members in its lawsuit." *Hunt v. Washington State Apple Commission,* 432 U.S. at 343.

*2 The Amended Complaint seeks "monetary damages of not less than $20,500,000,000." Amended Complaint at 57. There can be no question that "any award of monetary compensation would require the participation of individual members in the lawsuit." *Air Transport Association of America v. Reno,* 80 F.3d 477, 483 (D.C.Cir.1996). Where "damages claims are not common to the entire membership, nor shared by all in equal degree ... there is simply no way the extent of the harm to the ... members can be determined without individualized proof." *Id.* (quotations and citations omitted). The Second Circuit recently noted that "[w]e know of no Supreme Court or federal court of appeals ruling that an association has standing to pursue damages claims on behalf of its members." *Bano v. Union Carbide Corporation,* 361 F.3d 696, 714 (2d Cir.2004). It is clear that BFAA lacks standing to sue for damages on behalf of its members.

*2 The complaint also seeks declaratory relief. An organization may have standing to request declaratory relief even though it lacks standing to seek damages. *See Air Transport Association of America v. Reno,* 80 F.3d at 483 ("[I]t can fairly be said that declaratory relief will inure to the benefit of [plaintiff's] members."). It appears to the Court, however, that plaintiff's complaint seeks declaratory relief that each individual class member suffered discrimination and is deserving of damages. The complaint seeks an order declaring that the class members were denied farm program benefits and enforcement of their civil rights discrimination complaints; that defendants breached class members' rights under the Equal Credit Opportunity Act; and that defendants acted in an arbitrary and capricious manner. *See* Amended Complaint at 57. Absent any further explanation by BFAA (which, as noted, has failed to file an opposition to the instant motion), the Court is unwilling to interpret plaintiff's vague claims as requesting declaratory relief which is fully segregable from plaintiff's claims for damages. The Court therefore must dismiss plaintiff's remaining claims as well.

*2 An Order consistent with this Memorandum Opinion shall issue this same day.

*2 SO ORDERED.

D.D.C.,2005.
Black Farmers and Agriculturists Ass'n v. Veneman
Not Reported in F.Supp.2d, 2005 WL 711821 (D.D.C.)

Briefs and Other Related Documents (Back to top)

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                              Page 3
Not Reported in F.Supp.2d, 2005 WL 711821 (D.D.C.)
**(Cite as: Not Reported in F.Supp.2d)**

• 1:04cv01561 (Docket) (Sep. 09, 2004)
• 2004 WL 2248615 (Trial Pleading) Original Complaint (2004) Original Image of this Document (PDF)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.