# EXHIBIT # 4

DEPARTMENT OF HEALTH & HUMAN SERVICES
Centers for Medicare & Medicaid Services
7500 Security Boulevard
Baltimore, Maryland 21244-1850



## CENTER FOR BENEFICIARY CHOICES

**Date:**            December 22, 2006

**Memorandum To:**   All Part D Sponsors

**Subject:**         Reconciling Incorrect Cost Sharing Paid by LTC Pharmacies

**From:**            Cynthia Tudor, Director, Medicare Drug Benefit Group

As the first year of the Medicare Prescription Drug Benefit draws to a close, we remind Part D plan sponsors that they are obligated to reconcile any claims that may have resulted in incorrect cost sharing for low income subsidy (LIS) eligible beneficiaries at the point-of-sale. We recognize that problems with cost sharing have disproportionately impacted beneficiaries who are residents of nursing homes, and for whom long-term care (LTC) pharmacies are holding receivable balances rather than charging beneficiaries incorrect cost sharing amounts. This is particularly true in situations where a beneficiary is a full benefit dual eligible and meets the definition of an institutionalized individual for whom there is no cost sharing for covered Part D drugs.

In previous guidance, we emphasized to plans the importance of adopting standardized procedures to reconcile incorrect cost sharing made by LIS-eligible beneficiaries. In accordance with our rules at 42 CFR 423.800(c), plan sponsors have an obligation to make the LIS-eligible beneficiary whole by refunding any improperly collected cost sharing. In situations where cost sharing has been overpaid by beneficiaries, the plan should send the enrollee a check for amounts owed, or offset future cost sharing if the amount owed is less than a minimal cut-off threshold.

While this is our general policy, it is important that Part D plans be aware of the role LTC pharmacies have played with respect to cost sharing amounts overcharged to LTC residents, particularly some dual eligibles who should not have paid any cost sharing for their covered Part D drugs. Many LTC pharmacies did not collect the cost sharing amounts that were incorrectly charged. As many of LTC pharmacies continue to hold receivable balances for cost sharing amounts that should have been subsidized by the plan, Part D plan sponsors need to work with them to ensure appropriate reconciliation of amounts owed.

As we stated in our attached question and answer guidance released last April (see Attachment I posted at *http://questions.cms.hhs.gov/* , *Q&A ID 7683*), plan sponsors should not automatically reimburse beneficiaries for cost sharing amounts that were not collected by their LTC pharmacies. Rather, plan sponsors need to work directly with their networ LTC pharmacies to provide them with direct reimbursement for any cost sharing amounts that were not collected from LIS-eligible beneficiaries. Before reimbursement is made directly to LTC pharmacies, plan

sponsors need to ensure that the pharmacies in question have not collected or otherwise waived the cost sharing charges, and, in fact, are carrying a debt for the amounts owed. Plan sponsors may accomplish this by working with their network LTC pharmacies to ensure appropriate documentation and attestations are provided to justify payment to the LTC pharmacy for excess cost sharing amounts that should have been paid by the plan under the low-income subsidy.

If you have any questions on this policy, please contact Christine Hinds at (410) 786-4578.

2

Attachment I

## Reimbursement to LTC Pharmacies for
## Retroactive Subsidy-level Cost Sharing Charges

Q.  In situations where a full-benefit dual eligible meets the definition of an institutionalized
individual but is incorrectly charged cost sharing for prescriptions under the Part D
benefit, may Part D plans reimburse their contracted long term care (LTC) pharmacies
directly when implementing retroactive subsidy level changes?

A.  Yes. When implementing retroactive subsidy level changes for a full-benefit dual eligible
who meets the definition of an institutionalized individual but is incorrectly charged cost
sharing under the Part D benefit, plans should not automatically reimburse beneficiaries
residing in long-term care facilities. In such situations, it is unlikely that LTC pharmacies
have collected the applicable cost-sharing from beneficiaries due to the expectation that
the plan eventually would reimburse the pharmacy retroactively for such amounts. In
such situations, Part D plans should work with their pharmacies to provide them with
direct reimbursement for any cost-sharing amounts not collected from institutionalized
individuals. Before reimbursement is made, Part D plans should ensure that LTC
pharmacies have not collected the cost sharing amounts, otherwise waived the cost
sharing charges, and, in fact, are carrying a debt for the amounts incorrectly charged to
the beneficiary. For auditing purposes, plans should ensure that pharmacies certify that
the amounts reimbursed are appropriate, owed and payable.

By regulation, Part D plans are required to reimburse subsidy eligible individuals, and
organizations paying cost sharing on behalf of such individuals, any excess cost sharing
paid after the effective date of the individual's eligibility for a subsidy ( 42 CFR
423.800(c)). Providing direct reimbursement to LTC pharmacies for excess cost sharing
charges that have not been paid by Part D enrollees or waived by the pharmacy does not
conflict with this requirement, since such amounts were never paid by either the
institutionalized individual or others on his or her behalf.

3