# DEWEY BALLANTINE LLP

1301 AVENUE OF THE AMERICAS
NEW YORK 10019-6092
TEL 212 259-8000  FAX 212 259-6333

LAUREN CUNDICK PETERSEN
212 259 7037
lpetersen@deweyballantine.com

May 8, 2007

**Via Fedex/Electronic Mail**

Mr. Robert Pfotenhauer
WHI - Ovations
9900 Bren Rd. East - MN008 - T500
Minnetonka, MN  55343

      Re:    <u>Demand for Payment</u>

Dear Mr. Pfotenhauer:

      I write on behalf of our client, Omnicare, Inc. ("Omnicare"), to demand reimbursement for claims incorrectly adjudicated by your on-line system with co-pay due from institutionalized dually eligible patients which were not collected by Omnicare pharmacies. As WHI - Ovations previously has been made aware, Omnicare has been systematically underpaid for Medicare Part D claims submitted to WHI - Ovations. Despite Omnicare's repeated attempts to work with WHI - Ovations to rectify this issue, underpayments to Omnicare continue to grow and now exceed $7,786,178.33 as of April 28, 2007.

      As you are aware, CMS has issued clear guidance regarding incorrect cost sharing charges to dual eligible beneficiaries. On December 22, 2006, CMS specifically

> remind[ed] Part D plan sponsors that <u>they are obligated to reconcile any claims that may have resulted in incorrect cost sharing</u> for low income subsidy (LIS) eligible beneficiaries . . . . [P]roblems with cost sharing have disproportionately impacted beneficiaries who are residents of nursing homes, and for whom long-term care (LTC) pharmacies are holding receivable balances rather than charging beneficiaries incorrect cost sharing amounts. This is particularly true in situations where a beneficiary is a full benefit dual eligible . . . . Many LTC pharmacies did not

Mr. Robert Pfotenhauer
May 8, 2007
Page 2

collect the cost sharing amounts that were incorrectly charged. As many of the LTC pharmacies continue to hold receivable balances for cost sharing amounts that should have been subsidized by the plan, <u>Part D plan sponsors need to work with them to ensure appropriate reconciliation of amounts owed</u>.

We also note that Part D plans are required to make their final submission of prescription drug event data for 2006 no later than May 31, 2007, and accordingly WHI - Ovations must make an appropriate reconciliation of these amounts for 2006 claims by that time to avoid an inaccurate submission to CMS.

Thus, in accordance with CMS guidance, we demand that WHI - Ovations immediately reimburse Omnicare for the co-pays WHI - Ovations inappropriately charged to dually eligible patients. Omnicare is willing to provide an attestation per CMS guidance to the effect that we have not collected these amounts and they remain owed to us. Please respond -- in writing -- by May 21, 2007, indicating that WHI - Ovations will immediately reimburse such co-pays and will work with Omnicare in resolving this issue going forward. If we have not received full payment by May 30, 2007, we will commence appropriate legal action against your company on May 31, 2007.

I look forward to your response.

Very truly yours,

Lauren Cundick Petersen

# DEWEY BALLANTINE LLP

1301 AVENUE OF THE AMERICAS
NEW YORK 10019-6092
TEL 212 259-8000  FAX 212 259-6333

LAUREN CUNDICK PETERSEN
212 259 7037
lpetersen@deweyballantine.com

May 8, 2007

**Via Fedex/Electronic Mail**

Mr. Angelo Giambrone
Prescription Solutions
5995 Plaza Drive - Mail Stop: CA 112-040
Cypress, CA 90630

     Re:    Demand for Payment

Dear Mr. Giambrone:

     I write on behalf of our client, Omnicare, Inc. ("Omnicare"), to demand reimbursement for claims incorrectly adjudicated by your on-line system with co-pay due from institutionalized dually eligible patients which were not collected by Omnicare pharmacies. As Prescription Solutions previously has been made aware, Omnicare has been systematically underpaid for Medicare Part D claims submitted to Prescription Solutions. Despite Omnicare's repeated attempts to work with Prescription Solutions to rectify this issue, underpayments to Omnicare continue to grow and now exceed $4,415,071.93 as of April 28, 2007.

     As you are aware, CMS has issued clear guidance regarding incorrect cost sharing charges to dual eligible beneficiaries. On December 22, 2006, CMS specifically

> remind[ed] Part D plan sponsors that <u>they are obligated to reconcile any claims that may have resulted in incorrect cost sharing</u> for low income subsidy (LIS) eligible beneficiaries . . . . [P]roblems with cost sharing have disproportionately impacted beneficiaries who are residents of nursing homes, and for whom long-term care (LTC) pharmacies are holding receivable balances rather than charging beneficiaries incorrect cost sharing amounts. This is particularly true in situations where a beneficiary is a full benefit dual eligible . . . . Many LTC pharmacies did not

Mr. Angelo Giambrone
May 8, 2007
Page 2

>collect the cost sharing amounts that were incorrectly charged. As many of the LTC pharmacies continue to hold receivable balances for cost sharing amounts that should have been subsidized by the plan, <u>Part D plan sponsors need to work with them to ensure appropriate reconciliation of amounts owed</u>.

We also note that Part D plans are required to make their final submission of prescription drug event data for 2006 no later than May 31, 2007, and accordingly Prescription Solutions must make an appropriate reconciliation of these amounts for 2006 claims by that time to avoid an inaccurate submission to CMS.

Thus, in accordance with CMS guidance, we demand that Prescription Solutions immediately reimburse Omnicare for the co-pays Prescription Solutions inappropriately charged to dually eligible patients. Omnicare is willing to provide an attestation per CMS guidance to the effect that we have not collected these amounts and they remain owed to us. Please respond -- in writing -- by May 21, 2007, indicating that Prescription Solutions will immediately reimburse such co-pays and will work with Omnicare in resolving this issue going forward. If we have not received full payment by May 30, 2007, we will commence appropriate legal action against your company on May 31, 2007.

I look forward to your response.

Very truly yours,

Lauren Cundick Petersen