# GROOM LAW GROUP

Thomas F. Fitzgerald
(202) 861-6617
tff@groom.com

May 16, 2007

**By Facsimile and Overnight Delivery**

Lauren Kundick Petersen, Esq.
Dewey Ballantine LLP
1301 Avenue of the Americas
New York, NY 10019-6092

Re:   Long Term Care Pharmacy Alliance v. UnitedHealth Group, Inc.
      06-cv-01221 (ESH) (D.D.C.)

Dear Ms. Kundick Petersen:

    Your letters to Robert Pfotenhauer and Angelo Giambrone dated May 8, 2007 have been forwarded to me for response. Your letters address co-payment reimbursement issues associated with institutionalized dual eligibles under the Medicare Part D program, and Medicare Part D prescription drug plans sponsored by subsidiaries of UnitedHealth Group, Inc. (collectively, "United"), which is the subject of the above-referenced lawsuit for which Groom Law Group, Chartered serves as United's counsel. As you assuredly know, Omnicare, Inc. ("Omnicare") is a member of the Long Term Care Pharmacy Alliance ("LTCPA") and is specifically identified in LTCPA's initial and amended Complaint as a member on whose behalf the above-referenced lawsuit was brought.

    As reflected in the attached correspondence, United previously advised Omnicare's General Counsel, Mark G. Kobasuk, that all communications to United concerning the remittance of co-payments with respect to institutionalized dual eligibles under the Medicare Part D program are to be directed to my attention, and that communications by Omnicare with United employees concerning such matter violate Rule 4.2(a) of the District of Columbia Rules of Professional Conduct. Rule 4.2(a) provides that "[d]uring the course of representing a client, a lawyer shall <u>not</u> communicate or cause another to communicate about the subject of the representation with a party known to be represented by another lawyer in the matter, unless the lawyer has the prior consent of the lawyer representing such other party or is authorized by law to do so." (Emphasis added). This rule is identical to Disciplinary Rule 7-104 of the New York Lawyer's Code of Professional Responsibility, to which you are subject. Accordingly, you, and Omnicare, are hereby notified that all correspondence from Omnicare's in-house and outside counsel concerning the reimbursement of co-payments with respect to institutionalized dual eligibles under the Medicare Part D program must be directed to my attention.

GROOM LAW GROUP

May 16, 2007
Page 2


With respect to Omnicare's demand for payment of $7,786,178.33 from WHI-Ovations, and $4,415,071.93 from Prescription Solutions, Inc., be advised that United has processed and reimbursed Omnicare's claims in accordance with its contractual obligations.

Should you have any questions, please do not hesitate to contact me.

Sincerely,

Thomas F. Fitzgerald


cc: David Farber, Esq., counsel for LTCPA (via facsimile)



Joan D. Humes
Deputy General Counsel
9900 Bren Road East   MN008-T500
Minnetonka, MN 55343
Email: joan_d_humes@uhc.com
Telephone: 952 936 6675  Fax: 952 936 4933

March 30, 2007

**By Facsimile**

Mark G. Kobasuk, Esq.
Vice President—General Counsel
Omnicare, Inc.
1600 RiverCenter II, 100 East RiverCenter Boulevard
Covington, KY 41011

Re: Medicare Part D Copayments—Institutionalized Dual Eligibles
<u>Long Term Care Pharmacy Alliance v. UnitedHealth Group, Inc.</u>
Case No. 06-cv-01221 (ESH) (D.D.C.)

Dear Mr. Kobasuk:

Thank you for your letter dated March 30, 2007 to Edward Feaver, which addresses matters related to the above-referenced lawsuit. Given that Omnicare is a member of the Long Term Care Pharmacy Alliance and is specifically identified in the Complaint as a member on whose behalf the above-referenced lawsuit was brought, your correspondence should be directed to UnitedHealth Group's ("UHG's") outside counsel in this matter, consistent with Rule 4.2(a) of the District of Columbia Rules of Professional Conduct. Rule 4.2(a) provides that "[d]uring the course of representing a client, a lawyer shall not communicate or cause another to communicate about the subject of the representation with a party known to be represented by another lawyer in the matter, unless the lawyer has the prior consent of the lawyer representing such other party or is authorized by law to do so."

UHG's outside counsel in this matter is Thomas F. Fitzgerald of the Groom Law Group, located at 1701 Pennsylvania Avenue, NW, Washington, DC 20006.

Sincerely,

Joan D. Humes

Joan D. Humes

JDH/lb

cc: Ann Tobin, Esq.
 Bob Pfotenhauer
 Ed Feaver
 David Farber, Esq.