DEPARTMENT OF HEALTH & HUMAN SERVICES
Centers for Medicare & Medicaid Services
7500 Security Boulevard
Baltimore, Maryland 21244-1850



CENTERS for MEDICARE & MEDICAID SERVICES

## CENTER FOR BENEFICIARY CHOICES

MEMORANDUM

TO:     All Part D Plan Sponsors

FROM:   Gary Bailey, Deputy Director

RE:     Incorrect Cost Sharing Charges to Dual Eligible Beneficiaries

DATE:   May 5, 2006

CMS has received numerous complaints concerning full benefit dual eligible beneficiaries being charged incorrect co-payments at the pharmacy. We are aware that a number of factors are contributing to the incorrect cost sharing for full benefit dual eligible individuals, including the lags associated with the scheduled reporting of information from the State to CMS, delays in Part D plans updating their systems, CMS's prior instruction to the States to report only current or prospective changes to beneficiary institutional status, and confusion in the long-term care provider community regarding when an institutionalized beneficiary qualifies for a zero copayment. To clarify this last point, an individual is considered institutionalized and qualified for a zero copayment when he or she is a full benefit dual eligible, a resident in a long-term care facility for a full calendar month, and under a covered Medicaid stay. Qualification for the zero copayment is effective on the first day of the month in which a beneficiary is expected to remain in a long term-facility for a full calendar month stay that is covered by Medicaid.

This memorandum is part of a three-step approach CMS is taking to address the issue of incorrect cost sharing. We initiated these efforts on March 22, 2006 by requesting that States begin to report retroactive changes in beneficiary institutional status on the State Monthly MMA Enrollment File no later than July 2006. As a second step, we are conducting additional outreach with the pharmacy community. In this outreach, we will explain when a beneficiary is considered institutionalized for the purposes of the zero copayment as well as address the data lag associated with monthly state reporting and its impact on the Part D plan's systems updates. We encourage you to undertake similar outreach efforts with your pharmacy networks.

The final step in this effort to mitigate incorrect cost sharing to dual eligible beneficiaries is to outline CMS's expectations in three areas related to Part D plans changing a beneficiary's cost sharing levels.

- Best Available Data -- Part D plans are required to use the "best available data" when they have knowledge that a beneficiary's cost sharing level is not correct. For example, if the plan has knowledge from the nursing facility, or an advocate acting on behalf of the beneficiary, that the individual is covered by Medicaid for his/her institutional stay or that the beneficiary is a full benefit dual eligible, the plan should make changes to its systems to accommodate the revised copayment level. As part of the confirmation process, plans will be required to keep appropriate records in order to reconcile low-income subsidy payments with CMS. We are working on an automated process for updating our systems when after a lag the correct copayment level is still not reflected.

- Plan Systems Lag -- Part D plans must update their systems for changes in copayment status when processing the transaction reply reports (TRRs) from CMS. We are aware of examples where institutional status indicators have been successfully transmitted by the states, but the drug claims are being processed against non-zero copayment amounts. Plans must ensure these critical systems updates are processed timely in order to avoid a prolonged lag period in which plan databases are not reflecting correct beneficiary copayment status.

- LTC Pharmacy Reimbursement for Incorrect Copayments Charged -- Part D plans are encouraged to reimburse LTC pharmacies directly when implementing retroactive subsidy level changes. Plans should not automatically reimburse beneficiaries residing in long-term care facilities because it is unlikely that the LTC pharmacies have billed the beneficiaries for their copayments.

Please contact your account manager is you have any questions concerning this memorandum.