IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Long Term Care Pharmacy Alliance<br>and<br>American Society Of Consultant Pharmacists,<br><br>  Plaintiffs,<br>  v.<br><br>UnitedHealth Group Incorporated,<br><br>  Defendant. | Case No.: 01:06-CV-01221<br>(ESH) |

**PLAINTIFFS' MOTION TO CONSOLIDATE**
**CIVIL ACTIONS NO. 01:06-CV-01221 (ESH) AND NO. 01:07-CV-01115 (ESH)**

Pursuant to Federal Rule of Civil Procedure 42(a) and Local Civil Rule 40.5(d), Plaintiffs respectfully move this Court for an Order consolidating the above-captioned action with the action filed on June 21, 2007 by LTCPA and ASCP against Secretary Michael O. Leavitt, the U.S. Department of Health and Human Services ("HHS"), and the Centers for Medicare and Medicaid Services ("CMS") (the "*Leavitt* Action"), Case No. 01:07-cv-01115 (ESH). Each is currently pending before this Court.

In support of this Motion, Plaintiffs state that:

(1) The above-captioned action and the *Leavitt* Action have been designated as "Related Cases" pursuant to Local Civil Rule 40.5(a)(3)(ii) and (iii), as they are pending on the merits, involve common issues of fact and grow out of the same events and transactions;

(2) These cases involve common questions of law and fact;

(3) Consolidation will promote judicial efficiency and is likely to aid this Court in managing its case load;

(4) The convenience and economy of consolidation outweigh any risk of confusing or prejudicing any other parties; and

4893996

(5)     Consolidation will aid the Court, as the presence of Defendants Leavitt, HHS, and CMS in this action is helpful to this dispute's resolution.

Pursuant to Local Civil Rule 7(m), Plaintiffs' counsel conferred with opposing counsel regarding this Motion to Consolidate. Defendant's counsel indicated that Defendant does not consent to this motion.

June 25, 2007

Respectfully submitted,

 /s/ David Farber
David Farber (D.C. Bar No. 415899)
PATTON BOGGS LLP
2550 M Street, N.W.
Washington, D.C. 20037
Telephone: (202) 457-6000
Facsimile: (202) 457-6315

Counsel for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **Long Term Care Pharmacy Alliance** and **American Society of Consultant Pharmacists,** <br><br> Plaintiffs, <br><br> v. <br><br> **UnitedHealth Group Incorporated,** <br><br> Defendant. | ) ) ) ) ) ) ) ) Case No.: 01:06-CV-01221 (ESH) ) ) ) ) ) ) |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF
THEIR MOTION TO CONSOLIDATE
CIVIL ACTIONS NO. 01:06-CV-01221 (ESH) AND NO. 01:07-CV-01115 (ESH)**

During hearings in March 2007 in this case, this Court expressed its concern that the presence of the federal government, specifically the Centers for Medicare and Medicaid Services ("CMS"), would be important to its adjudication. On June 21, 2007, Plaintiffs Long Term Care Pharmacy Alliance ("LTCPA") and American Society of Consultant Pharmacists ("ASCP") brought an action seeking mandamus relief and a declaratory judgment against Secretary of the U.S. Department of Health and Human Services Michael Leavitt, the U.S. Department of Health and Human Services ("HHS"), and CMS regarding their failures to provide complete, accurate, and timely eligibility data and their enabling of the unlawful assessment of co-payments for institutionalized dual eligible Medicare Part D beneficiaries. *See* LTCPA *et al* v. Leavitt *et al*, Case No. 01:07-cv-01115 (ESH).

Federal Rule of Civil Procedure 42(a) provides this Court with the necessary authority to consolidate the two actions.

4893996

## ARGUMENT
### These Actions Satisfy the Rule 42(a) Criteria for Consolidation

Courts may consolidate pending cases when they involve a "common question of law or fact" and "such orders . . . may tend to avoid unnecessary costs and delay." Fed. R. Civ. P. 42(a). *See also Mylan Pharm. Inc. v. Henney,* 94 F. Supp. 2d 36, 43 (D.D.C. 2000). Consolidation of these related cases is proper under Rule 42(a) because (1) they involve common issues of both fact and law and (2) consolidation serves the interests of convenience and judicial economy.[1]

*First*, both cases involve the same plaintiffs seeking to adjudicate a dispute that arises out of the same set of operative facts and implicate the same statutes and regulations. *See Am. Postal Workers Union v. U.S. Postal Serv.*, 422 F. Supp. 2d 240, 245 (D.D.C. 2006). Both actions involve (a) the improper assessment of co-payment amounts on poor "dual eligible" beneficiaries who reside in long-term care facilities and participate in the Medicare Part D prescription drug program and (b) and the adverse impact that those improper assessments have had, and continue to have, on Plaintiffs and their member long-term care pharmacies. Central to both cases are facts concerning whether, when, and how beneficiary eligibility data was provided to Prescription Drug Plans ("PDPs"), what PDPs did with that data, and the manner in which both CMS and the PDPs have failed to comply with their statutory and regulatory obligations relating to the Medicare Part D program.

*Second,* the Court will be able to better manage these related cases with both sets of Defendants in both cases present in the same proceedings, thereby serving judicial economy and convenience. *See Mylan*, 94 F. Supp. 2d at 43. Plaintiffs, UnitedHealth Group, and CMS each play specific, distinct and interlocking roles in the Part D program functions central to both cases.

---

[1] In addition to its authority under Rule 42(a), the Court may rely on the All Writs Act, 28 U.S.C. § 1651. The All Writs Act empowers federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a).

4893996

Consolidating these actions will bring the responsible federal agency, the largest prescription drug plan, and the pharmacy service providers before the Court in one matter.

The proceedings to date indicate that having all these parties present will aid the Court in adjudicating this dispute. At prior hearings in this case, the parties and the Court[2] repeatedly raised issues concerning CMS requirements, deadlines and processes, as well as the mechanics and meaning of the various CMS guidance documents issued, in an attempt to clarify issues. In deciding whether to consolidate, "courts weigh considerations of convenience and economy against considerations of confusion and prejudice." *Am. Postal Workers Union*, 422 F. Supp. 2d at 245 (quoting *Chang v. United States*, 217 F.R.D. 262, 265 (D.D.C. 2003)). In this case, the convenience and economy of having the primary actors in this Part D process present to explain their actions and assist the Court in the exercise of its jurisdiction weigh heavily in favor of consolidation. The risk of confusion and prejudice need not be a concern, for consolidation will help avoid confusion and prejudice in the two related matters.

The orders by the district court in *Linquist v. Bowen*, 633 F. Supp. 846, 856-57 (W.D. Mo. 1986), *aff'd*, 813 F.2d 884 (8th Cir. 1987), show the benefit of having all these parties before the Court on a consolidated basis. In that mandamus case, the district court retained both the Social Security Administration and the Rail Retirement Board in the case, even though a statute vested the court of appeals with exclusive jurisdiction over appeals of Rail Retirement Board decisions. By having both agencies before it, the Court was able to fashion relief for the claimants caught between the two agencies by mandating specific steps for the agencies to take on a scheduled and coordinated basis. 633 F. Supp. 846, 866-67.

---

[2] "I want the U.S. Government, CMS, to help out here." Transcript of Hearing, March 22, 2007, at 10:15-16 ("March 22 Tr."). "I'm happy to issue an order to bring in CMS to get you either more time or we can have a little way to construct this so that they're satisfied about your reimbursement." *Id.* at 14:11-13. "[This case] needs the Federal Government to help out." Transcript of Hearing, March 29, 2007, at 29:1-2 ("March 29 Tr.").

3

## CONCLUSION

For these reasons, Plaintiffs submit that this Court should consolidate Case Nos. 1:06-cv-01221 and 1:07-cv-01115 and respectfully request that it do so.

June 25, 2007                                                                 Respectfully submitted,


   /s/ David Farber
David Farber (D.C. Bar No. 415899)
PATTON BOGGS LLP
2550 M Street, N.W.
Washington, D.C. 20037
Telephone: (202) 457-6000
Facsimile: (202) 457-6315

Counsel for Plaintiffs

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 25th day of June, 2007, a true and correct copy of Long Term Care Pharmacy Alliance and American Society of Consultant Pharmacists' Motion to Consolidate Civil Actions No. 01:06-CV-01221(ESH) and No. 01:07-CV-01115 (ESH) was served via electronic delivery and first class mail upon:

>Thomas F. Fitzgerald, Esq.
>Mark C. Nielson, Esq.
>GROOM LAW GROUP, CHARTERED
>1701 Pennsylvania Avenue, NW
>Washington, D.C. 20006
>Telephone: (202) 857-0620
>Facsimile: (202) 659-4503
>Email: mcn@groom.com
>tff@groom.com

/s/ Samantha R. Petrich
Samantha R. Petrich

4893996