IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Long Term Care Pharmacy Alliance and<br>American Society of Consultant Pharmacists,<br><br>    Plaintiffs,<br><br>v.<br><br>UnitedHealth Group Incorporated,<br><br>    Defendant. | Case No.: 1:06-CV-01221 (ESH) |

### Notice of Supplemental Authority

Defendant UnitedHealth Group Incorporated ("UHG") respectfully submits this Notice of Supplemental Authority in support of its Motion to Dismiss Plaintiffs' Amended Complaint (the "Motion to Dismiss") [Docket No. 25].

In their Opposition to UHG's Motion to Dismiss ("Plfs' Opp.") [Docket No. 27], Plaintiffs repeatedly cite American Medical Ass'n v. United Healthcare Corp., 2002 WL 31413668 (S.D.N.Y. October 23, 2002), in support of their argument that they have standing to bring this action on behalf of their members. (See Plfs' Opp. at 3, 9, 10, and 13). Specifically, Plaintiffs argue that in American Medical Ass'n, "several associations representing medical service providers were found to have standing to bring claims regarding the obligations of the defendant health insurance plans (including another UHG program) under their contracts and governing law and regulations." (Plfs' Opp. at 9).

In a decision docketed on June 18, 2007—the same day that UHG filed its Reply brief in support of its Motion to Dismiss [Docket No. 28]—the Southern District of New York issued a summary judgment ruling in American Medical Ass'n, holding that the medical association plaintiffs did not have standing to sue on behalf of their members.

American Medical Ass'n v. United Healthcare Corp., 2007 WL 1771498, at *21-22 (S.D.N.Y. June 18, 2007), attached as Exhibit 1 to the accompanying Declaration of Mark C. Nielsen. Addressing the claims brought by the medical associations under the Employee Retirement Income and Security Act of 1974 ("ERISA"), the court ruled that the associations could not satisfy the third prong of the associational standing test set forth in Hunt v. Washington State Apple Adver. Comm'n, 342 U.S. 333 (1977),[1] because the claims could not be adjudicated without the participation of the associations' members. Specifically, the court held that:

> [P]laintiffs must show that they did exhaust their administrative remedies for each of the ERISA claims for benefits at issue in this litigation, and the Provider Plaintiffs cannot do this without the participation of their members, who must provide detailed information regarding claims and appeals in order to show administrative exhaustion. The detailed and fact-specific inquiry required for a determination of whether ERISA's administrative exhaustion requirement has been satisfied essentially forecloses an association's ability to proceed in such cases without individualized member participation.
>
> * * *
>
> Because a showing is required that administrative remedies have been exhausted and that assignments have been received, and because to make such showings the Medical Association Plaintiffs would be forced to rely on participation by their members, the Court finds that the Medical Association Plaintiffs fail the third prong of the Hunt test for their ERISA claims. Defendants' motion for summary judgment on all the ERISA claims of the Medical Association Plaintiffs is therefore GRANTED.

American Medical Ass'n, 2007 WL 1771498, at *21-22. The court's recent decision in American Medical Ass'n provides further support for UHG's argument that Plaintiffs lack standing to bring this action. As detailed in UHG's opening brief (at 14-

---

[1] In Hunt, the Supreme Court held that an association has standing to sue on behalf of its members only when: (1) its members would have standing to sue in their own right; (2) the interests it seeks to protect are germane to the association's purpose; and (3) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit.

19) and its Reply brief (at 7-15), adjudication of Plaintiffs' action will require the Court to examine non-uniform contracts between UHG-affiliated prescription drug plans and long term care pharmacies, and the parties' actual performance under those contracts—which can only be evaluated by involving Plaintiffs' members in this action. Accordingly, Plaintiffs lack standing to bring this action on behalf of their members.

July 11, 2007                                             Respectfully submitted,


                                                                        __/s/ Mark C. Nielsen_____
Thomas F. Fitzgerald (Bar No. 358232)
Michael J. Prame (Bar No. 451017)
Mark C. Nielsen (Bar No. 465220)
Groom Law Group, Chartered
1701 Pennsylvania Avenue, NW
Washington, DC  20006
Telephone:    202.857.0620
Facsimile:    202.659.4503
Email:        tff@groom.com
              mjp@groom.com
              mcn@groom.com

**Counsel for Defendant**

## **CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of UnitedHealth Group Incorporated's Notice of Supplemental Authority was served electronically, via the Court's ECF system, on the 11th day of July 2007, upon the following:

David Farber, Esq.
Harry Silver, Esq.
Patton Boggs
2550 M Street, NW
Washington, DC 20037
dfarber@pattonboggs.com
hsilver@pattonboggs.com

Counsel for Plaintiffs

July 11, 2007

      /s/ Mark C. Nielsen
Mark C. Nielsen (Bar No. 465220)
Groom Law Group, Chartered
1701 Pennsylvania Avenue, NW
Washington, DC 20006
Telephone:  202.857.0620
Facsimile:   202.659.4503
Email:        mcn@groom.com

**Counsel for Defendant**