# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Long Term Care Pharmacy Alliance<br>and<br>American Society of Consultant Pharmacists,<br><br>Plaintiffs,<br><br>v.<br><br>UnitedHealth Group Incorporated,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)  Case No.:  01:06-CV-01221<br>)  (ESH)<br>)<br>)<br>) |

## PLAINTIFFS' REPLY MEMORANDUM
## IN SUPPORT OF THEIR MOTION TO CONSOLIDATE
## CIVIL ACTIONS NO. 01:06-CV-01221 (ESH) AND NO. 01:07-CV-01115 (ESH)

Rule 42 provides the Court with broad discretion to consolidate cases on "any or all of the matters in issue" when common issues of law or fact are present. Plaintiffs have presented compelling reasons why the Court should grant their Motion to Consolidate. In contrast, the opposition of Defendant UnitedHealth Group Incorporated ("UHG") presents no valid argument why the Court should not consolidate the two cases. Rather, UHG (1) ignores the myriad common facts and legal issues between the two actions, (2) by its silence on the issue, concedes that consolidation of the actions presents no risk of prejudice or confusion, and (3) fails to overcome the substantial advantages of consolidation in terms of judicial economy and convenience.

Specifically, UHG ignores the common facts and legal issues presented by the two cases. Instead, it erroneously categorizes the UHG Action as solely a contract action[1] and the CMS Action

---

[1] The UHG Action is broader than UHG's obligations under the network pharmacy contracts. Plaintiffs have alleged facts in the UHG Action, which, if proven, will show that UHG is violating not only the network pharmacy contracts, but the Medicare statute, CMS regulations, and CMS guidances on the subject. *See* Plaintiffs' Verified Amended Complaint at ¶¶ 2, 32-33, 38, Prayer for Relief ¶ (a)(i), (a)(iii) and Plaintiffs' Opposition to Defendant UHG's Motion to Dismiss Plaintiff's Amended Complaint, Document # 27, at 21-25, for further evidence of why UHG wrong describes the nature of the action against it.

as addressing only CMS's failure to timely provide eligibility data. That disregards two fundamental and overlapping aspects of the lawsuits: (1) the UHG Action asks the Court to declare that, by withholding from LTC Pharmacies co-payments that were improperly assessed on institutionalized dual-eligible beneficiaries, UHG is violating the Medicare statute, CMS regulations and guidances, as well as the network contracts; and (2) the CMS Action, in addition to seeking timely provision by CMS of eligibility data, asks the Court to order CMS to require the PDPs (a group that includes UHG) to abide by those same laws, regulations, and guidances and to require that they pay LTC Pharmacies the improperly assessed and withheld co-payment amounts. The facts and legal analysis required to determine violations by PDPs of their obligations under the statutes, regulations and guidances are the same in both cases.

In particular, UHG's opposition disregards the fact that the two actions present common legal and factual questions requiring examination of statutes, regulations, and CMS guidances that are intertwined and that inform one another in their application and interpretation. Both cases concern the requirements of 42 U.S.C. § 1395w-114(a)(1)(D)(i) and of its implementing regulations, 42 C.F.R. § 423.782(a)(2)(ii) and 42 C.F.R. § 423.800(a)-(c), that institutionalized dual eligible beneficiaries not have any cost-sharing obligations under the Part D program. The same statute and regulations direct that CMS provide eligibility data, that PDPs use the data to ensure that no co-payment is collected and that PDPs reimburse organizations that paid any cost-sharing on behalf of institutionalized dual eligibles. Both cases ultimately will require a determination as to whether the assessment of co-payment amounts on institutionalized dual eligibles and the withholding of such co-payment amounts from reimbursements to LTC Pharmacies violate PDP statutory and regulatory obligations. [2] And the end result sought in both actions—a judgment ending certain PDPs' practice

---

[2] The Complaint in the CMS Action and the Amended Verified Complaint in the UHG Action have many overlapping allegations. *Compare* ¶¶ 4, 15-17, 19, 20-26, 28, 35, and 47-49 of the CMS Action Complaint with ¶¶ 1, 9-12, 14-15, 18-21, 28 and 33 of the UHG Action Amended Verified Complaint.

of the improperly assessing and withholding co-payments amounts for institutionalized dual-eligible beneficiaries—is the same.

UHG's argument that the two cases should not be consolidated because they assert different theories of recovery is counter to the case they rely on.  In *Mylan Pharmaceuticals Inc. v. Henney*, 94 F. Supp. 2d 36, 44 (D.D.C. 2000), cited by UHG (at 3), a District of Columbia district court *sua sponte* consolidated two actions and held that "[t]he plaintiffs' requests for different forms of relief do not vitiate the propriety of consolidation, but rather, consolidation is proper to *any or all* matters in issue which are common."  (emphasis in original).  As noted above, contrary to UHG's characterization, part of the relief Plaintiffs seek in both cases is the same: an end to the practice of certain PDPs of improperly assessing co-payments for institutionalized dual-eligible beneficiaries and withholding such amounts from reimbursements to the LTC Pharmacies.  Further, consolidation is warranted where different theories of recovery require litigation of the same facts.  *See, e.g., Bank of Montreal v. Eagle Assocs.*, 117 F.R.D. 530, 534 (S.D.N.Y. 1987) (rejecting non-movant's claim that consolidation was not warranted because the two actions were based on different theories of recovery and observing that "separate litigation of these [same] facts would result in greater confusion and delay to all parties involved.").  The same is particularly true here, where the facts regarding the intertwined roles of Plaintiffs, UHG, and CMS in the co-payment problems are the same in both cases.

By remaining silent on the topic, UHG has implicitly conceded that there are no considerations of prejudice or confusion for the Court to weigh in its consideration of Plaintiffs' motion.  In exercising their broad discretion to consolidate cases under Federal Rule of Civil Procedure 42(a), courts weigh considerations of convenience and economy against considerations of confusion and prejudice.  *See Chang v. United States*, 217 F.R.D. 262, 265 (D.D.C. 2003) (citing *Stewart v. O'Neill*, 225 F. Supp. 2d 16, 20 (D.D.C. 2002)).  Here, however, UHG does even not suggest that

consolidation would present any risk of prejudice or confusion.[3]  Consequently, Plaintiffs' motion to consolidate should be granted.  *See, e.g.*, *Firemen's Ins. Co. of Newark v. Keating*, 753 F. Supp. 1137, 1141 (S.D.N.Y. 1990) (granting motion to consolidate where court found common facts and legal principles between the two actions and where defendants made no showing that delay, confusion or prejudice would result from the requested consolidation).

Moreover, judicial convenience and economy would be best-served by consolidating the two actions.  No scheduling conference or schedule has been set, nor has discovery commenced in either case.  Consolidating the cases now, when both cases are in the pre-answer stage, will increase efficiency by reducing the possibility of duplicative discovery and inconsistent adjudications of the many common questions of fact and law.

UHG's suggestion that consolidation is not warranted because it has a pending motion to dismiss in the UHG Action and because the CMS Action involves government defendants is not persuasive.  Consolidation should not affect when the Court can decide UHG's motion to dismiss.  *See Mylan Pharms. Inc.*, 94 F. Supp. 2d at 43 (articulating rule that consolidation does not merge suits into a single cause, change the rights of the parties, or make those parties in one suit parties in another suit) (quoting *Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 496-97 (1933)).  Nor does the fact that the government defendants might assert their own unique procedural defenses diminish the merits and benefits of addressing the common questions of fact and law in a consolidated action.[4]

---

[3] UHG asserts that consolidation of the actions before UHG's Motion to Dismiss is decided is, "at best, premature." But UHG does not argue that anyone would be prejudiced or confused by consolidation prior to decision on its Motion to Dismiss; instead, it argues that consolidating the actions prior to such a decision does not promote judicial economy.

[4] UHG's citation of *In re Tobacco/Governmental Health Care Litig.*, 76 F. Supp. 2d 5, 9 (D.D.C. 1999), for the proposition that consolidation is not appropriate because of the presence of governmental defendants is particularly misleading.  The possibility that the United States might raise certain procedural defenses is very different than the fundamentally different legal questions that existed on the merits of the actions sought to be consolidated in the *In re Tobacco/Governmental Health Care Litig.* case.  Applying the criteria for analyzing requests to transfer and consolidate "tag-along" cases under an MDL Panel's prior order, the court denied consolidation because, among other things, the case in which United States was the plaintiff was based on sections of the United States Code that permit only the United States to seek relief and therefore presented entirely different legal issues than those implicated by the actions with which the defendant Philip Morris sought to consolidate the United States action.  *In re Tobacco/Governmental Health Care Litig.*, 76 F.

UHG also misses the point of the *Linquist v. Brown*[5] decision: having all of the primary actors before the Court at the same time allows the Court to decide common questions of fact and law and to fashion coordinated relief—all of which further judicial convenience and economy.

## **CONCLUSION**

For the reasons articulated above and in Plaintiffs' Motion and Memorandum in Support of Their Motion to Consolidate, Plaintiffs respectfully request that the Court grant their motion and issue an order consolidating the two actions.

July 13, 2007                                      Respectfully submitted,

                                                     /s/ David Farber
                                                   David Farber (D.C. Bar No. 415899)
                                                   PATTON BOGGS LLP
                                                   2550 M Street, N.W.
                                                   Washington, D.C.  20037
                                                   Telephone:  (202) 457-6000
                                                   Facsimile:  (202) 457-6315


                                                   Counsel for Plaintiffs

---

Supp. 2d at 9.  Accordingly, the court held that the legal issues in that suit were "unique to the lawsuit *filed by the United States*, eliminating any increase in efficiency or justice to be gained by consolidation of the U.S. and foreign actions."  *Id.* (emphasis added).

[5] 633 F. Supp. 846 (W.D. Mo. 1986), *aff'd*, 813 F.2d 884 (8th Cir. 1987).

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 13th day of July, 2007, a true and correct copy of Long Term Care Pharmacy Alliance and American Society of Consultant Pharmacists' Reply in Support of Their Motion to Consolidate Civil Actions No. 01:06-CV-01221(ESH) and No. 01:07-CV-01115 (ESH) was served via electronic delivery and first class mail upon:

      Thomas F. Fitzgerald, Esq.
      Mark C. Nielson, Esq.
      GROOM LAW GROUP, CHARTERED
      1701 Pennsylvania Avenue, NW
      Washington, D.C. 20006
      Telephone: (202) 857-0620
      Facsimile: (202) 659-4503
      Email: mcn@groom.com
      tff@groom.com

                        /s/ Samantha R. Petrich
                        Samantha R. Petrich

4897344