IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **Long Term Care Pharmacy Alliance** <br> **and** <br> **American Society Of Consultant Pharmacists,** <br><br>                       **Plaintiffs,** <br>         v. <br><br> **UnitedHealth Group Incorporated,** <br><br>                       **Defendant.** | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )    Case No.: 01:06-CV-01221 <br> )    (ESH) <br> ) <br> ) <br> ) <br> ) |

**PLAINTIFFS' REPLY TO DEFENDANT'S**
**NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiffs Long Term Care Pharmacy Alliance ("LTCPA") and the American Society of Consultant Pharmacists ("ASCP") respectfully submit this Reply to Defendants Notice of Supplemental Authority (docket No. 31).[1]

Defendant incorrectly states both Plaintiffs' arguments in opposing UHG's Motion to Dismiss and the nature of the holding of the June 18, 2007 Order in the *American Medical Ass'n v. United Healthcare Corp.* case. Put simply, Plaintiffs cited this case in their Opposition to UHG's Motion to Dismiss ("Pl. Opp.") because of the initial *AMA* decision found it was proper to allow the association plaintiffs to move beyond the motion to dismiss phase even if the Court itself was skeptical that individual participation might be required. In contrast, the June 18, 2007 *AMA* decision involved a motion for summary judgment submitted at the conclusion of the initial phase of fact discovery that addressed, in part, associational standing issues. The authority "noticed" by

---

[1] At the outset, Plaintiffs question the propriety of Defendant's purported "Notice" as it contains only additional argument concerning grounds already briefed in its Motion to Dismiss papers, and does not even bother to "notice" the Court concerning the full procedural background and posture of the respective authorities. Its failure to give even the most basic details concerning the court's Order suggest that this must be disregarded as an improper and untimely sur-reply. However, given the incomplete and misleading statement of both the Plaintiffs' arguments and the actual holdings in the June 18, 2007 Order, Plaintiffs respond briefly in an abundance of caution.

Defendant involves a set of facts developed beyond allegations contained in a complaint, a different legal standard, and an altogether different phase of legal proceeding.  It does not support the arguments advanced by UHG in its Motion to Dismiss papers, and UHG's arguments should be summarily discarded as incorrect and misleading.

Defendant is misleading in that it omits Plaintiffs' complete characterization of the *American Medical Ass'n v. United Healthcare Corp.*, 2002 WL 3143668 (S.D.N.Y 2002) (*"AMA I"*), and thus blatantly misstates the true nature of the argument.  *See* Def. Notice of Supplemental Authority at 1 ("Def. Notice").  Just beyond the sentence cited by UHG, the remainder of Plaintiffs' *AMA I* discussion omitted by UHG states:

> That case involved claims by medical service providers that the defendant health plans had improperly reduced health insurance reimbursements for services rendered by "out-of-network" providers by relying on flawed data as to "usual, customary and reasonable" charges.  *Id.* at 1.  The plaintiff medical associations sought injunctive and declaratory relief on behalf of certain of their medical provider members.  *Id.* at 3.  The defendants argued that the requested relief required the involvement of the individual members as to the particulars of their claims.  *Id.*  <u>The Court disagreed, stating that while it "questions whether … Plaintiffs will be able to establish their representative claims with limited individual participation, at this stage of the proceedings on a motion to dismiss for lack of standing, the Court will accept the fact that it is possible.  *Id.*</u>  It therefore denied the motion to dismiss for lack of standing, and permitted the associations to proceed to the merits of their representative claims.  *Id*

Pl. Opp., at 9-10 (emphasis added).  Thus, it is abundantly clear that Plaintiffs rely upon *AMA I* as it relates to the motion to dismiss stage this case is currently facing, and not, as UHG suggests, for the proposition that associational standing was ultimately determined by the Court.  Def. Notice at 1.

Contrary to UHG's description of the Order, the recent opinion in *American Medical Ass'n v. United Healthcare Corp.*, 2007 WL 1771498, at *21 (S.D.N.Y. June 18, 2007) ("*AMA II*") fully acknowledges that its prior opinion applied to a separate and preceding stage of the case:

> In the October 2002 Order, the Court expressed its doubts about "whether the Medical Association Plaintiffs will be able to establish their representative claims with limited individual participation" <u>but, in light of the procedural posture at that time, "accept[ed] the fact that it is possible."</u> Oct. 2002 Order at *3. Following Stage One discovery, Defendants now contend that the Medical Association Plaintiffs cannot pursue their ERISA claims without individual member participation because such participation is necessary in order for the Association Plaintiffs to demonstrate, *inter alia*, exhaustion of administrative remedies and receipt of valid assignments from plan participants. The Court agrees.

*Id.* (emphasis added).

Defendant apparently hopes that this Court will ignore the important distinctions between these cases and accept its conclusory and unsupported arguments concerning what the factual evidence will be as this case moves forward. Contrary to its statement that the recent *AMA II* decision "provides further support for UHG's argument that Plaintiffs lack standing to bring this action," the *AMA I* holding relied upon by Plaintiffs remains unchanged and Defendant's argumentative Notice of Supplemental Authority should be disregarded.

July 16, 2007

Respectfully submitted,

 /s/ David Farber
David Farber (D.C. Bar No. 415899)
PATTON BOGGS LLP
2550 M Street, N.W.
Washington, D.C. 20037
Telephone: (202) 457-6000
Facsimile: (202) 457-6315

Counsel for Plaintiffs

4898223

**Certificate of Service**

      I HEREBY CERTIFY that on this 16th day of July, 2007, a true and correct copy of Long Term Care Pharmacy Alliance and American Society of Consultant Pharmacists' Reply to Defendant's Notice of Supplemental Authority was served via electronic delivery and first class mail upon:

Thomas F. Fitzgerald, Esq.
Mark C. Nielson, Esq.
GROOM LAW GROUP, CHARTERED
1701 Pennsylvania Avenue, NW
Washington, D.C. 20006
Telephone: (202) 857-0620
Facsimile: (202) 659-4503
Email: mcn@groom.com
tff@groom.com

                                                /s/ Edward Gehres, III
                                                Edward Gehres, III

4898223